IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| JOSEPH NOBLE | : | NO. 05-369 |

MEMORANDUM

Bartle, C.J.                                                        June 25, 2008

Before the court is the motion of defendant Joseph Noble ("Noble") for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure.

On January 12, 2006, after a five-day trial by jury, Noble was found guilty of one count of kidnaping, 18 U.S.C. § 1201, and not guilty of one court of interstate domestic violence, 18 U.S.C. § 2261.  On July 6, 2006, this court sentenced Noble to 84 months imprisonment, five years supervised release, and a $100 special assessment.  Three days later, on July 9, 2006, defendant filed his first Rule 33 motion, in which he sought a new trial on the basis of the prosecution's failure to disclose that the victim, Joanne Noble, had open criminal charges against her.  We denied that motion on August 28, 2006. On March 18, 2008, our Court of Appeals affirmed defendant's conviction.  Defendant now brings this second motion under Rule 33, this time for a new trial on the ground of newly discovered evidence.  See Fed. R. Crim. P. 33(b)(1).

Our Court of Appeals has held that a defendant should be granted a new trial based on "newly discovered evidence" only if he can satisfy five requirements:

> (a) the evidence must be[,] in fact, newly discovered, i.e., discovered since trial; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) evidence relied on[] must not be merely cumulative or impeaching; (d) it must be material to the issues involved; and (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal.

United States v. Jasin, 280 F.3d 355, 361 (3d Cir. 2002) (quoting United States v. Iannelli, 528 F.2d 1290, 1292 (3d Cir. 1976)). A defendant's failure to satisfy any one of these elements is a sufficient basis to deny a motion for a new trial. Id. at 365.

Defendant presents two pieces of allegedly newly discovered evidence. He first asserts that on October 20, 2006, Joanne Noble informed him that the government assisted her in a pending state criminal matter in return for her testimony at defendant's trial. According to defendant, this information was material to the credibility of Noble as the victim and complaining witness at his trial. Ms. Noble's statement, however, even if true, is "merely ... impeaching." As a result, it cannot sustain a claim for new trial on the basis of newly discovered evidence. See id.

Defendant's second contention is that on April 20, 2006, the victim, Joanne Noble, informed defendant that she was never held against her will during the incident underlying his

-2-

conviction.  He argues that this evidence is likely to exonerate him of the kidnaping charge.  We note that defendant's first motion for a new trial under Rule 33 was filed on July 9, 2006, more than two months after the victim's statement was allegedly made to him.  He did not raise this issue at that time.  Defendant's failure to offer the statement as a ground for relief until his now-pending second Rule 33 motion and well over two years after the statement was allegedly made, constitutes a lack of the diligence required by our Court of Appeals in <u>Jasin</u>.

       Accordingly, we will deny the motion of Joseph Noble for a new trial.

```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :      CRIMINAL ACTION
                              :
         v.                   :
                              :
JOSEPH NOBLE                  :      NO. 05-369
```

ORDER

AND NOW, this 25th day of June, 2008, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that the motion of defendant Joseph Noble for a new trial under Rule 33 of the Federal Rules of Criminal Procedure is DENIED.

BY THE COURT:

/s/ Harvey Bartle III
C.J.